**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANKLIN D. STAFFORD, | No. 10-35443 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00378-BLW |
| v. | |
| OWYHEE VILLAGE INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Franklin D. Stafford appeals pro se from the district court's summary
judgment and dismissal orders in his 42 U.S.C. §§ 1983, 1985, and 1986 action
arising out of a property dispute. We have jurisdiction under 28 U.S.C. § 1291.
We review de novo. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly concluded that Stafford's action was time-barred. *See* 42 U.S.C. § 1986 (one year statute of limitations applies to § 1986 claims); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (Idaho's two year statute of limitations applies to § 1983 claims); *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (§ 1985 claims are governed by the same statute of limitations as § 1983 claims); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("[T]his court has repeatedly held that a mere continuing impact from past violations is not actionable." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Stafford's motion to amend where amendment would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Stafford's remaining contentions are unpersuasive.

**AFFIRMED.**